■ PATRICIA M. SCHILLING, Individually and as Executrix of DONALD W. SCHILLING, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 98739.) Appellant. [773 NYS2d 641]—

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered March 26, 2003. The order granted defendant's motion for summary judgment and dismissed the claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the claim is reinstated.

Memorandum: The Court of Claims erred in granting the motion of defendant, State of New York (State), seeking summary judgment dismissing the claim. Claimant's decedent was killed when he stepped into the roadway in a construction zone on a state highway project and was struck by a passing motorist. Claimant commenced this wrongful death action alleging, inter alia, that the construction zone was defective because there were no flaggers. Contrary to the contention of the State, we conclude that it failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The evidence submitted by the State in support of the motion indicates that the absence of flaggers was in derogation of the project plans and that the State had full supervisory control over the safety of the project. Indeed, the project plans require that "adequate protection [be provided] for pedestrian traffic during all phases of construction" and that "flaggers [be provided] for adequate traffic control." Furthermore, in his affirmation in support of the motion, the attorney for the State admitted that there was a temporary closure of a portion of the highway at the time of the accident; the project plans specify that flaggers were required in that instance. We conclude that, in moving for summary judgment, the State failed to establish as matter of law that the absence of flaggers was reasonable and thus that it discharged its responsibility for pedestrian safety at the site. Furthermore, we reject the State's additional contention that "the record eliminates any legal cause [for the accident] other than the reckless conduct of [claimant's decedent]" (*Howard v Poseidon Pools,* 72 NY2d 972, 974 [1988]). We therefore reverse the order, deny the motion and reinstate the claim. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.